IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JERRY JERMAINE HEFLIN,** | CASE NO. 3:22 CV 865 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **LUCAS COUNTY COMMON PLEAS COURT, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Jerry Jermaine Heflin has filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against the Lucas County Common Pleas Court, Judge James D. Bates, and the "Lucas County Police Department, and Chief." (Doc. 1 at 3, ¶ III).

Plaintiff's complaint pertains to a 2010 criminal case against him in the Lucas County Court of Common Pleas. Following a jury trial, Plaintiff was convicted of two counts of aggravated robbery with firearm specifications. *See State of Ohio v. Jerry Jermaine Heflin*, Case No. G-4801-CR-0201 (Lucas Cty. Ct. of Common Pleas.). His convictions were affirmed on direct appeal. *State v. Heflin*, 2011-Ohio-4134, 2011 WL 3655129 (Ohio Cr. App.).

Plaintiff seeks two hundred million dollars in damages, contending his civil rights were violated and that "injustice" was committed in his criminal case "by the Lucas County Common Pleas Court, and Judge James D. Bates, and his wife, Prosecutor Julia R. Bates, with the aiding and abetting, of the Lucas County Police Department, and [the] Lucas County, Clerk of Courts/Clerk of Appeals, Administration, and Clerk Jason Hill." (Doc. 1 at 3, ¶ IV). He contends

1

there were numerous problems and errors in his arrest and trial, and that he suffered mistreatment and racial discrimination by police.

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis.* (Doc. 2). That motion has been granted by separate order. For the reasons stated below, however, his complaint is dismissed.

## STANDARD OF REVIEW

Federal district courts are expressly required to screen all *in forma pauperis* prisoner complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Although *pro se* pleadings generally are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to avoid a dismissal for failure to state a claim. *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)] governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B) and 1915A).

## DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Even liberally construed, it fails to allege a cognizable claim upon which Plaintiff may be granted relief under § 1983.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff cannot assert a damages claim under § 1983 if success on the claim would "necessarily imply the invalidity" of an underlying state criminal conviction, unless the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Court was concerned that "§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254, were 'on a collision course.'" *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (quoting *Heck*, 512 U.S. at 492) (Souter, J., concurring)). The Court in *Heck* explained that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487.

Whatever Plaintiff's specific claims against each of the Defendants are, they challenge the propriety of his criminal prosecution and conviction in his Lucas County criminal case. A judgment in his favor on his claims would necessarily imply the invalidity of his criminal convictions, but he has not demonstrated that his convictions have been invalidated or called into question in any of the ways articulated in *Heck*. In fact, as noted above, his convictions were affirmed on direct appeal, and, as Plaintiff points out in his complaint, he also filed a federal *habeas corpus* action challenging his convictions; that action is still pending. *See* Doc. 1 at 5, ¶

3

V; *Heflin v. Black*, No. 1:22-cv-863 (N.D. Ohio). Accordingly, Plaintiff's § 1983 damages claims in this case are presently non-cognizable under *Heck*.

Further, to the extent Plaintiff may allege claims not barred by *Heck*, his complaint is still subject to dismissal against the four Defendants he has named.

First, Judge Bates is entitled to judicial immunity. It is well-settled that judges generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). Absolute judicial immunity may be overcome in only two situations: for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and actions taken in complete absence of all jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. A judge acts in the clear absence of all jurisdiction if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides. *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985).

Plaintiff asserts that Judge Bates acted without jurisdiction, but he has not set forth cogent factual allegations in his pleading plausibly supporting that conclusory assertion or suggesting Judge Bates took any action otherwise falling outside the scope of his absolute judicial immunity. The Judge is immune from Plaintiff's damages suit as Plaintiff's complaints pertain to actions the Judge took in his official judicial capacity in connection with Plaintiff's criminal case.[1]

---

1. Likewise, although not specifically named as a Defendant in his complaint, the prosecutor Plaintiff refers to in his complaint is also entitled to immunity from his damages suit for "acts within the scope of [her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). A prosecutor is absolutely immune for activities "in initiating a prosecution and in presenting the State's case." *Id*. at 431. The conduct of the prosecutor of which Plaintiff complains falls within the scope of her prosecutorial duties as to which she is immune from suit.

Second, two of the other named Defendants, the Lucas County Common Pleas Court and the Lucas County Police Department, are not entities subject to suit under § 1983, which provides a remedy for constitutional violations committed by a "person" acting under color or state law. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must "show that the alleged deprivation was committed by a person acting under color of state law"); *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 530 (N.D. Ohio 2012) (holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983).

Finally, although Plaintiff lists the "Chief" of police as a Defendant in his complaint, he does not set forth discernible cogent specific allegations of misconduct as to him. Where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"). And supervisory officials cannot be liable for constitutional violations of subordinates under § 1983 solely on the basis of *respondeat superior*. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("This court has held that § 1983 liability must be based on more than *respondeat superior*, or the right to control employees.").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE